UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

HERBERT R. SMITH                                                                                              PLAINTIFF

v.                                                                                  CIVIL ACTION NO. 5:12CV-92-R

STEVEN L. BESHEAR *et al.*                                                                              DEFENDANTS

MEMORANDUM OPINION

Plaintiff Herbert R. Smith filed a *pro se* complaint.  Because he is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997).  For the reasons that follow, the complaint will be dismissed.

I.

Plaintiff filed suit pursuant to 42 U.S.C. § 1983 against the following state officers in their individual and official capacities:  (1) Kentucky Governor Steven L. Beshear (and past Governors John Y. Brown, Jr. and Paul E. Patton); (2) Kentucky Department of Corrections (KDOC) Commissioner LaDonna H. Thompson (and "all Commissioners of [KDOC] from November 21, 1973 until Plaintiff's release from further service on his Kentucky Prison Sentences on May 19, 2009"); (3) Kentucky State Penitentiary (KSP) Warden Thomas L. Simpson (and "all Wardens at the [KSP] . . . during the time period from November 21, 1973 until December 10, 1981 and from September 30, 1994 until the Plaintiff's release from false imprisonment on May 19, 2009"); (4) Administrator of the Offender Information Services/Records in Frankfort, Kentucky Melissa Harrod (and "all persons holding such a said position within the [KDOC] from November 21, 1973 until Plaintiff's release from false imprisonment on May 19, 2009"); (5) Administrator of the Offender Information

Services/Records at KSP Amy Roberts (and "all persons holding such a said position at the [KSP] . . . from November 21, 1973 until Plaintiff's release from false imprisonment on May 19, 2009"); (6) "all persons holding positions of Kentucky Parole Board Members from November 1981 until the Plaintiff was released from false imprisonment on May 19, 2009"); and (7) the Commonwealth of Kentucky.  Plaintiff alleges that Defendants violated Article 1, Section 10, Clause 1 of the United States Constitution; the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; Sections 2, 3, 17, 19, and 28 of the Kentucky Constitution; and various Kentucky statutes.  As relief, he seeks monetary and punitive damages and a declaration that all of his false imprisonment claims are correct.

In the complaint, Plaintiff alleges that Defendants' actions "during the enforcement of service on [his] Kentucky prison sentence" violated his federal and state rights in calculating his maximum and minimum serve-out dates based on the "Aggregate System" and in requiring him to forfeit twelve years, eight months, and six days of claimed "Kentucky Parole Time."  He claims that Defendants' actions, therefore, resulted in him "serving time in false imprisonment under three (3) different legal scenarios at the maximum for thirteen (13) years, and at the minimum for five (5) years and eleven (11) months."

Plaintiff reports writing letters to KDOC personnel and Kentucky Governors, asking for restoration of his "'Illegally Forfeited Parole Time.'"  He reports filing grievances on the same subject.  He also reports filing a claim against the Commonwealth of Kentucky with the Kentucky Board of Claims seeking damages for being held in false imprisonment but that the Board of Claims found no wrongful actions were committed and dismissed his claim.

Further, reports Plaintiff, on April 19, 2009, he filed a habeas corpus petition in the Lyon Circuit Court seeking his immediate release from prison. He states, however, that before the court ruled on the petition, the KDOC restored 3,931 days "of the in question forfeiture of Parole Time and released Plaintiff from any further service on his in question Kentucky Prison Sentences on May 19, 2009." The Lyon Circuit Court eventually dismissed the petition as moot.

Plaintiff additionally advises that on March 5, 2010, he filed a civil action in the Franklin Circuit Court "raising all the issues presented in this Civil Action." He states that the Franklin Circuit Court dismissed the civil action "based SOLELY upon a Kentucky Statutory Law becoming effective on July 15, 2009 which resulted in [3,931] days of '**FORFEITED PAROLE TIME**' being RESTORED and Plaintiff's release on FULL SERVICE on his in question Kentucky Prison Sentences on May 19, 2009." He claims that this restoration did not negate "the fact that nine (9) years and ten (10) days of that said 3,931 days of '**Parole Time Restored**' was 'illegally forfeited in the first place'" and did not negate the rest of his claims, which he has also presented in the instant action. Plaintiff reports the Kentucky Court of Appeals affirmed the dismissal on February 17, 2012. Plaintiff contends, "Like the Franklin Circuit Court did, the Kentucky Court of Appeals REFUSED to address the rest of Plaintiff's meritorious claims and arguments (like will be presented in this Civil Action although they were presented CLEAR AND UNDERSTANDABLE (like presented in this Civil Action.)"

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

*A. § 1983 claims*

The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff complains of decisions Defendants' made regarding the service of his state-court sentences from November 21, 1973, through his release from his alleged false imprisonment on May 19, 2009. While he alleges various illegal actions by Defendants occurring since the 1970's, the alleged wrongful imprisonment forming the basis of this action concluded at the latest on May 19, 2009, when he was released from custody. The statute of limitations for Plaintiff's § 1983 claims, therefore, accrued on May 19, 2009, and expired one year later on May 19, 2010. Plaintiff did not file the current action until July 5, 2012, two years after expiration of the limitations period. As such, the § 1983 claims are time-barred. Plaintiff's filing of a civil action in the Franklin Circuit Court following his release does not alter this conclusion as it did

5

not toll the one-year limitations period. There is no requirement of exhaustion of state-court remedies prior to filing a § 1983 action in federal court. Therefore, the § 1983 claims will be dismissed.

### B. State-law claims

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having determined that the § 1983 claims should be dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claims will be dismissed without prejudice.

For the reasons set forth above, the Court will enter a separate Order of dismissal.

Date:


cc: Plaintiff, *pro se*
    Defendants
4413.005